IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| Christopher Droney, | ) | |
| | ) | C/A No. 6:11-1320-TMC |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **OPINION & ORDER** |
| | ) | |
| | ) | |
| Blitz USA, Inc., | ) | |
| Wal-Mart Stores, Inc., | ) | |
| Wal-Mart Stores East, LP, | ) | |
| Wal-Mart Stores East, Inc., | ) | |
| | ) | |
| Defendants. | ) | |

_____

This matter is before the court for on a Motion to Stay filed by Defendants Wal-Mart Stores, Inc., Wal-Mart Stores East, LP, and Wal-Mart Stores East, Inc., (collectively referred to herein as "Wal-Mart"). (Dkt. # 38). Plaintiff Christopher Droney has filed Responses opposing the motion. (Dkt. # 41 and 44) and Wal-Mart has filed a Reply to the Responses. (Dkt. # 47). For the reasons discussed below, Wal-Mart's Motion to Stay is granted.

This case is a products liability action involving a gasoline container. Defendant Blitz USA, Inc., ("Blitz") is a manufacturing company located in Miami, Oklahoma, which manufactures portable plastic consumer gasoline containers. (Am. Compl. ¶ 3). Plaintiff alleges that on December 12, 2010, he was severely injured when he poured gasoline from a Blitz container onto the fire in a chiminae in his neighbor's yard. (Am. Compl. ¶¶ 1, 9-11). He alleges the flame flashed back along the vapor trail into the gasoline container causing the container to explode. (Am. Compl. ¶ 11). Plaintiff specifically alleges that the gasoline container was defective and unsafe for its intended purposes because it failed to

include a flame arrester device. (Am. Compl.¶ 16). Plaintiff alleges Wal-Mart sold the gasoline container and thus warranted that it was fit for its ordinary purposes and not unreasonably dangerous. (Am. Compl. ¶ 13).

Wal-Mart requires all of its suppliers to sign a supplier agreement which among other things includes an indemnification clause. Wal-Mart states that, pursuant to this clause, Blitz is liable for any judgment obtained against Wal-mart and the costs and fees associated with the defense of the matter.

On November 9, 2011, Defendant Blitz filed for bankruptcy protection in Delaware under Chapter 11 of the United States Bankruptcy Code ("Bankruptcy Code").[1] Plaintiff's claims against Blitz have been stayed under 11 U.S.C. § 362(a). In its bankruptcy proceeding, Blitz filed a motion for a temporary restraining order seeking to enjoin litigation against co-defendants in various litigation, such as Wal-Mart. On November 10, 2011, United States Bankruptcy Judge Peter J. Walsh denied the motion and recommended that "Wal-Mart seek stays from the individual District Courts and recommended that the District Court Judges grant those stays:

> Look, why don't you take a – pick a particular case where the Debtor [Defendant] is sued and Walmart is sued. Now the Debtor's out of the case. If I were Walmart, I would say to the judge, "I'm going to be highly prejudiced by [the Debtor Defendant] dropping out, because that means that I have to try this matter twice." If I were the judge, I would say, "Stay." Put them on hold, 3 months, 6 months, see what happens in the bankruptcy.

(Defs.' Mem. Ex. A at 47).

Wal-Mart argues that Plaintiff's causes of action fall under the contractual indemnification obligation that Blitz has to Wal-Mart under which Blitz is liable not only for any judgment obtained against Wal-Mart at trial but also all costs and expenses, including

---

[1]Blitz's subsidiaries and parent entities also filed for bankruptcy protection.

attorneys' fees and court costs, incurred for Wal-Mart's defense of this action regardless if Wal-Mart is found liable. Wal-Mart contends that "for this Court to not impose a stay to Plaintiff's claims against Wal-Mart will increase claims against [Blitz], impact the bankruptcy case, and possibly prejudice [Blitz's] creditors." (Def. Wal-Mart's Mem. at 2). Further, Wal-Mart argues that one of Blitz's insurers has taken the position that Blitz's policy proceeds are property of the estate and that the automatic stay precludes the insurer from paying under any policy for defense and/or settlement on behalf of Wal-Mart. Wal-Mart seeks to stay this case until resolution of Blitz's bankruptcy. *Id*.

Wal-Mart argues that there is an "identity of interest" sufficient to extend the automatic stay of 11 U.S.C. § 362 to include a debtor's co-defendant when the co-defendant is entitled to absolute immunity from the debtor. (Def. Wal-Mart's Mem. at 6). Wal-Mart states that the contractual indemnification agreement between Wal-Mart and Blitz render Blitz liable for any judgment and costs and fees incurred in defending this action. *Id*. at 7. Alternatively, Wal-Mart argues that this court should exercise its inherent discretionary power to control its docket and stay these proceedings pending resolution of the bankruptcy in the interest of justice and judicial economy. *Id*. at 8. Without a stay, Wal-Mart argues identical claims will be adjudicated in two different courts and may result in inconsistent outcomes. *Id*. at 9. Wal-Mart contends Plaintiff will not suffer any prejudice as he has an "alternative avenue for adjudicating claims against [Blitz] and need not rely upon a decision in this Court." *Id*. at 9-10.

Plaintiff opposes the stay for several reasons. First, Plaintiff argues Wal-Mart would not have to try this case twice. (Pl.'s Mem. at 2). Second, Plaintiff notes that the request for a stay incorrectly assumes that Blitz will eventually be moving forward as co-defendant alongside Wal-Mart and/or Wal-Mart is entitled to a determination on the indemnification contract prior to this action being heard. *Id*. Plaintiff also argues that the authority cited by

Wal-Mart is inapplicable and the court should not stay this case pursuant to its general discretion power to control its docket. *Id.* at 5-11.

As a general rule, the automatic stay imposed by § 362(a)(1) applies only to the debtor who is in bankruptcy, and not to the debtor's co-defendants in a pending civil action. *A.H. Robbins v. Piccinin*, 788 F.2d 994, 1000 (4th Cir. 1986); *Williford v. Armstrong World Indus.*, 715 F.2d 124, 126 (4th Cir.1983) (concluding that "the remaining co-defendants cannot avail themselves of the automatic stay provisions of 11 U.S.C. § 362(a)."). However, there is a narrow exception to this general rule and in "unusual circumstances," the stay imposed by § 362(a)(1) may be expanded to include non-debtor co-defendants. *A.H. Robins,* 788 F.2d at 1000 (holding "in order for relief for such non-bankrupt defendants to be available under (a)(1), there must be unusual circumstances and certainly something more that the mere fact that one of the parties to the lawsuit has filed a [petition for] Chapter 11 bankruptcy.").

In *A.H. Robins*, the court held that the automatic stay may be properly expanded in the "unusual situation . . . when there is such identity between the debtor and third-party defendant that the debtor may be said to be the real party defendant and that a judgment against the third-party defendant will in effect be a judgment or finding against the debtor ." *Id.* at 1000. The court stated that such an unusual situation "would be a suit against a third-party who is entitled to absolute indemnity by the debtor on account of any judgment that might result against them in the case." *Id*.  The court is convinced that this action presents the unusual circumstances discussed in *A.H. Robins* and therefore the stay should be expanded to include Wal-Mart.  Accordingly, this action will be stayed during the pendency of Blitz's bankruptcy proceeding.

**Conclusion**

For the foregoing reasons, Defendants' Motion to Stay (Dkt. # 38) is **GRANTED**. All other pending motions (Dkts.# 31 and 32) are **DISMISSED** without prejudice to the parties' rights to refile, if appropriate, after the stay is lifted.  The parties are to file a joint status report by August 23, 2012.

**IT IS SO ORDERED.**


                                                    s/Timothy M. Cain
                                                    United States District Judge

Greenville, South Carolina
February 22, 2012